IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVIS MILLER,<br><br>    Defendant. | Case No. 3:15-cr-00462-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Now before the Court is defendant Travis Miller's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 43. For the reasons set for below, the motion is DENIED.

## BACKGROUND

On March 14, 2016 defendant pleaded guilty to one count of Aggravated Sexual Contact in violation of 18 U.S.C. §§ 2244(a)(5) and 1153. ECF No. 17 and 18. Defendant entered this plea as part of a negotiated agreement with the government. ECF No. 19.

On February 13, 2017, this Court sentenced defendant to eighty-four months in custody with a five-year term of supervised release to follow. ECF. No. 32 and 35. Defendant has been serving this sentence at FCI Sheridan with a projected release date of January 22, 2022.

Defendant filed the present motion for compassionate release on January 5, 2021. The Court held oral argument on the motion on January 14, 2021. ECF No.45.

**STANDARDS**

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases. Until 2018, § 3582 allowed compassionate release only upon a motion by the Bureau of Prisons ("BOP"). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]extraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[ ] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)

(reasoning that "[18 U.S.C. §§ 3582(c)(1) and (c)(2)'s parallel language and structure[] compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test" and describing the three-part test for compassionate release motions (citing *Dillon*, 560 U.S. at 827, 829–30)).

The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical conditions, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). It also requires courts to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(2). But this policy statement, which has not been updated since the First Step Act amended § 3582(c)(1)(A), only applies to motions filed by the BOP Director on behalf of a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). On a defendant's direct motion for compassionate release, the policy statement "may inform a district court's discretion, ... but [it is] not binding." *Id.* As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Defendant is 45 years old and suffers from various underlying conditions including Type 2 Diabetes, decreased renal function, coronary artery disease, obesity, and severe and chronic gastrointestinal conditions that have required multiple

surgeries. Defendant also suffers from schizophrenia, major depressive disorder, and post-traumatic stress disorder. Defendant alleges that he has received insufficient care for these conditions while in custody, and that Covid-19 operations at FCI Sheridan have exacerbated his conditions.

Defendant argues that his health conditions make him markedly more vulnerable than most patients to developing severe illness from COVID-19. Specifically, he notes that the Center for Disease Control ("CDC") has identified obesity, type 2 diabetes, and coronary artery disease as significant risk factors for developing several or life-threatening complication from COVID-19. He also notes that his mental health conditions inhibit his ability to adequately provide self-care at the institution where he is housed.

Initially, the Court notes that this motion is ripe for review as defendant submitted a request for compassionate release to the warden at FCI Sheridan in September 2020, and more than thirty days have passed without a response from the BOP. *See United States v. Davidson*, 2020 WL 4877255, at *6 (W.D. Pa. Aug. 20, 2020); *United States v. Partida*, 2020 WL 3050705 (D. Ariz. June 8, 2020). Defendant's counsel also sent a request by letter to the warden in November 2020, but she also received no response.

Next, the Court finds that defendant's underlying health conditions are serious and put him at greater risk for developing severe complications from COVID-19. However, the Court notes that there are currently no active cases of COVID-19 among

inmates at FCI Sheridan. Accordingly, the Court finds defendant's health conditions, while significant, do not warrant compassionate release.

Even if the Court were to find extraordinary and compelling reasons existed in this case, the § 3553(a) factors clearly weigh in favor of denying defendant's motion. While it is true that defendant has used his time in custody to complete hundreds of hours of coursework, the underlying criminal activity in this case is very serious. Defendant sexually abused a young child after gaining his trust and providing him with controlled substances. Importantly, defendant's sentencing guideline range was 121-151 months in custody. Defendant received a significant benefit when he was sentenced to only 84 months in custody. The Court finds that a further reduction would not support the goals of sentencing.

While the Court finds that the compassionate release is not warranted in this case, the Court commends the defendant on his educational work while in custody. The Court has already recommended to the BOP and the Warden at FCI Sheridan that defendant be transferred to a community corrections placement as soon as possible.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# CONCLUSION

For reasons set forth herein, defendant's motion for compassionate release (ECF No. 43) is DENIED.

IT IS SO ORDERED.

Dated this  20th day of May 2021.


                                      /s/Ann Aiken

                                      Ann Aiken
                          United States District Judge